**COLTON, McMICHAEL, LESTER, AUMAN, VISNOVSKE, INC.,**
Plaintiff/Respondent,

v.

**Al MUELLER and Park Place South, Inc., Defendants/Appellants.**

No. 66745.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 1995.

James P. Leonard, Padberg, McSweeney, Slater & Merz, St. Louis, for appellant.

Louis J. Basso, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case, defendants Al Mueller and Park Place South, Inc., (PPS), appeal from a judgment in favor of plaintiff, Colton, McMichael, Lester, Auman, Visnovske, Inc., (CMLAV), for damages in quantum meruit against PPS and for conversion against both defendants. We affirm.

Defendants raise seven points on appeal. We address only their first point in this opinion. We conclude that no error of law appears in the other six points and an opinion on those issues would have no precedential value. The parties have been furnished with a memorandum opinion for their

information only on those points. Rule 84.16(b).

Plaintiff CMLAV, an engineering firm, was approached by defendant Mueller to submit a proposal to provide engineering and surveying services for the development of a residential subdivision in south St. Louis County. Mueller asked plaintiff to develop a site development plan, and after preliminary work, members of plaintiff's firm informed Mueller about the existence of rock at the site and that a significant amount of earth work would have to be completed. All preliminary plans prepared by plaintiff were approved by Mueller and met state and local design requirements.

During the preliminary design phases of the project, defendant PPS and plaintiff entered into an agreement, which defendant Mueller signed as president. Plaintiff provided the services agreed to in the contract and additional services for which it had been guaranteed payment. The additional services were requested by Mueller as he made changes to the development project. Because of difficulties with rock excavation and because of the changes made by Mueller requiring additional services by plaintiff, plaintiff informed Mueller that the development of the site would be very expensive.

When St. Louis County gave final approval of plaintiff's drawings so defendant PPS could obtain a plat, (which would allow PPS to sell lots to potential home buyers), plaintiff informed PPS that the contract balance had to be paid before plaintiff would seal the drawings and file the plat. The value of the engineering services provided by plaintiff was $173,836.75.[1]

Without sealed drawings, PPS could not obtain a plat and without a plat, it could not sell lots. Mueller and PPS took the drawings to other engineers to find someone to seal the drawings for them so they could file the plat. After several rejections, one engineering firm, PHG, used plaintiff's drawings to file a plat for Mueller and PPS. Plaintiff never consented to nor authorized the use of its drawings to file the plat with the county.

Plaintiff sought recovery from defendants for breach of contract, quantum meruit, fraud, conversion, and for specific performance of a settlement agreement arising out of a previous action. The breach of contract action against defendant Mueller was voluntarily dismissed by plaintiff, and the specific performance claim was severed.[2] A directed verdict was granted in favor of defendants on the claim of fraud. The remaining claims were submitted to the jury. Verdicts were returned finding in favor of plaintiff on the contract claim against defendant PPS and in favor of plaintiff against both defendants on the quantum meruit and conversion claims. After plaintiff's election of remedies, judgment was entered against defendant PPS for quantum meruit for $102,346.63 and against both defendants for conversion for actual damages of $1.00 and punitive damages of $25,000.00.

In Point I of their appeal, defendants contend that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict on the conversion claim in that plaintiff failed to make a submissible case because, as a matter of law, engineering plans are not personal property which can be converted.

Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights. *Temple v. McCaughen & Burr, Inc.*, 839 S.W.2d 322, 326 (Mo.App. 1992). Conversion may be proved by (1) tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner; or (3) refusal to give up possession to the owner on demand. *Breece v. Jett*, 556 S.W.2d 696, 709 (Mo.App.1977).

Defendants first assert that the present case is analogous to *Schaefer v. Spence*, 813 S.W.2d 92 (Mo.App.1991) and *Norman Schuman Interiors, Inc. v. Sacks*, 479 S.W.2d 200 (Mo.App.1972). In *Schaefer*, the plaintiff

---

**1.** The witness who testified as to the value of the services later stated that the figure was $174,-834.75.

**2.** This claim was later dismissed by stipulation of the parties.

contended that the defendants converted a spice blend formula they had copied from plaintiff. In *Schuman*, the plaintiff asserted a claim for conversion of the interior decorating he performed on the defendants' home. In both cases, the courts found that a conversion claim could not lie for ideas, which are intangible property.

While conversion does not lie for the appropriation of an idea or a debt, where intangible rights are merged in or identified with some document, conversion may be maintained. *Breece*, 556 S.W.2d at 709. This court implicitly approved architectural schematic drawings as the basis for a claim of conversion in *Hastings & Chivetta Architects v. Burch*, 794 S.W.2d 294, 297 (Mo.App. 1990). Similarly, the engineering plans in the present case can be converted.[3]

In claiming that plaintiff failed to make a submissible case, defendants *only* contend that engineering plans cannot be converted. Defendants do not challenge the sufficiency of the evidence to support the verdict. Because we conclude that engineering plans can be converted, we find that plaintiff made a submissible case of conversion. Point denied.

The judgment of the trial court is affirmed.

SIMON and KAROHL, JJ., concur.

---

3. *Cenna v. United States*, 402 F.2d 168, 171 (3rd Cir.1968) (plans for repair of defective air-conditioning system were chattels which could be converted); *R.A. Weaver and Assoc., Inc. v. Haas and Haynie Corp.*, 213 U.S.App.D.C. 404, 663 F.2d 168, 172–73 (1980) (subcontractor's shop drawings could be converted); *MacMillan Co. v. I.V.O.W. Corp.*, 495 F.Supp. 1134, 1146–47 (D.C.Vt.1980) (contractor's plans for shopping center could be converted); *Williams v. Chittenden Trust Co.*, 145 Vt. 76, 484 A.2d 911, 915 (1984) (architectural plans could be converted; a cause of action for conversion involves an allegation of wrongful possession of the tangible embodiment of a work).