**AUTO ALARM SUPPLY CORP., Appellant,**

v.

**LOU FUSZ MOTOR CO., Respondent.**

**No. 68139.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1996.

Blair Kenneth Drazic, Creve Coeur, for appellant.

Louis Joseph Garavaglia, Jr., St. Ann, for respondent.

RHODES RUSSELL, Judge.

Auto Alarm Supply Corp. ("Auto Alarm") appeals from the trial court's dismissal of its conversion and replevin claims against Lou Fusz Motor Co. ("Lou Fusz") for failure to state a cause of action. We reverse and remand.

Auto Alarm alleged the following facts in its first amended petition. On November 16, 1992, Donovan Hansen ("Hansen") brought a 1990 Ford Mustang that he had allegedly purchased from Lou Fusz to Auto Alarm and made a written request that Auto Alarm expend materials and labor on the vehicle. The amount of the charges for the services was $1,364.89. After Auto Alarm had completed the work, yet before the bill was paid, the vehicle was seized by the Overland Police Department as evidence in a criminal investigation. Thereafter, Lou Fusz took possession of the Mustang, despite Auto Alarm's request for its return.

On July 1, 1994, Auto Alarm filed a four count first amended petition claiming that it was entitled to possession of the vehicle pursuant to common law and statutory artisan's liens. Count I asserted a replevin claim and Count II requested a declaratory judgment for a lien. Count III asserted a claim for conversion, and lastly, Count IV claimed recovery under a theory of quantum meruit. On March 27, 1995, the trial court dismissed Counts I, Count II, and Count III with prejudice for failure to state a cause of action and Auto Alarm voluntarily dismissed Count IV of its petition without prejudice. Auto Alarm then timely filed this appeal.

On appeal, Auto Alarm argues that the trial court erred in dismissing the conversion and replevin counts for failure to state a cause of action. Auto Alarm maintains that the petition set forth sufficient facts alleging a lawful right to possession to support both the conversion and replevin claims. Lou Fusz, in turn, argues that the trial court properly dismissed Auto Alarm's claims because Auto Alarm failed to plead in its petition a superior right to possession of the vehicle.

■■■ A motion to dismiss for failure to state a cause of action is a test of the adequacy of the plaintiff's petition. *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993). Our court must review the trial court's dismissal in the light most favorable to the plaintiff's claims and therefore assume that the facts alleged in the pleading are true and construe the facts liberally in favor of the appellant. *Johnson v. Kraft General Foods, Inc.,* 885 S.W.2d 334, 335 (Mo. banc 1994). In viewing a petition under attack by a motion to dismiss, the court will give it the benefit of every reasonable intendment favorable to the pleader and judge it with broad indulgence. *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.,* 684 S.W.2d 858, 859 (Mo.App.1984). Under this standard, we hold that the trial court erred in dismissing Auto Alarm's claims for both conversion and replevin.

■■■ In Count III Auto Alarm asserted a claim for conversion. Conversion is the wrongful exercise of dominion or ownership over personal property which interferes with another's right of possession. *Ensminger v. Burton,* 805 S.W.2d 207, 210 (Mo.App.1991). It is a tort against the right of possession, not against the right of title. *Id.* Conversion can occur (1) by a wrongful taking, (2) by any use indicating a claim of right in opposition to the rights of the person entitled to possession, or (3) by an improper refusal to relinquish control on demand, as alleged in this case. *Reason v. Payne,* 793 S.W.2d 471, 474 (Mo.App.1990). At issue here is whether Auto Alarm's petition pled a valid right to possession.

■ In *Temple v. McCaughen & Burr, Inc.,* 839 S.W.2d 322 (Mo.App.1992), this court held that a petition sufficiently states a cause of action for conversion by stating that the defendant refused upon demand to return the property at issue and that the plaintiff had a right to possess the property at the time of the alleged conversion. *Id.* at 326. A petition in an action for conversion sufficiently alleges the owner's interest or right to possession if it states facts from which it can be inferred as a matter of law that the plaintiff had possession or a right to possession at the time the property was converted. *Aetna Cas. & Sur. Co. v. Lindell Trust Co.,* 348 S.W.2d 558, 563 (Mo.App.1961).

■■■ Count I of Auto Alarm's petition asserted a claim of replevin. Replevin is a possessory action to obtain from the defendant property that he possesses. *Goth v. Norman,* 693 S.W.2d 175, 179 (Mo.App.1985). Much like an action in conversion, a replevin action relies upon a right to possession, not ownership. *Missouri Mexican Products, Inc. v. Dunafon,* 873 S.W.2d 282, 285 (Mo.App.1994). A replevin action must plead the defendant's wrongful detention of the property and plaintiff's right to immediate possession of the property at the time of the filing of suit. *Turman v. Schneider Bailey, Inc.,* 768 S.W.2d 108, 112 (Mo.App.1988).

Lou Fusz argues that Auto Alarm's pleading is insufficient because it failed to assert a superior right to possession. We find this unnecessary when weighing the sufficiency of the pleadings. While it was held in *Bonnell v. Mahaffey,* 493 S.W.2d 688, 690 (Mo.App. 1973), that the plaintiff has the burden of proving his superior right to possession at trial, the pleadings need only allege a right to possession.

We hold that the conversion and replevin counts were improperly dismissed because Auto Alarm sufficiently pled a valid right to possess the vehicle at issue. In its petition, Auto Alarm based its claim of right to possession on statutory and common law artisan's liens.

§ 430.082 RSMO 1994 provides:

every person expending labor, services, skill or material upon any motor vehicle

... at the written request of the owner, authorized agent of the owner, or person in lawful possession thereof ... shall, where the maximum amount to be charged for labor, services, skill, or material has been stated as part of the written request ..., have a lien upon the chattel beginning upon the date of commencement of the expenditure of labor, services, skill, materials or storage for the actual value of all the expenditure of labor, services, skill, materials or storage until the possession of that chattel is voluntarily relinquished to the owner or one entitled to possession thereof. ...

 Auto Alarm also relied upon a common law artisan's lien to support its claims. The common law lien gives artisans the right to retain possession of the chattel until they are paid. *Herpel v. Farmers Ins. Co., Inc.*, 795 S.W.2d 508, 509 (Mo.App.1990). Much like the statutory lien, the common law lien is also "waived or lost by the lienholder voluntarily and unconditionally parting with possession or control of the property to which it attaches." *Hughes v. Aetna Insurance Co.*, 261 S.W.2d 942, 951 (Mo.1953).

In the present case, Auto Alarm's petition pled that Hansen was in lawful possession of the vehicle pursuant to the transaction of sale with Lou Fusz and that Hansen entered into a written contract with appellant to expend labor, services, skill and material upon the vehicle. Auto Alarm contends this satisfies the pleading requirements by alleging a right to possession. However, Lou Fusz argues in contrast that by relinquishing possession of the car to the Overland Police Department, Auto Alarm waived its common law and statutory liens and therefore had no valid right to possess the vehicle.

While it is true that relinquishing possession of the subject property to law authorities may under certain circumstances result in a waiver of a right to possession, giving Auto Alarm's petition the broadest reading it is due, the petition suffices to plead the necessary elements of the causes of action. Although Auto Alarm failed to specifically plead that the relinquishment of the car to the police was "involuntary", this court held

in *Temple v. McCaughen & Burr, Inc.*, 839 S.W.2d 322 (Mo.App.1992), that "the facts set forth in the petition and the relief sought determine the plaintiff's theory, rather than the form of the petition. A poor choice of words will not defeat a cause of action." *Id.* at 326. Auto Alarm alleged in its petition "seizure of the vehicle by the police," which is sufficient under our liberal construction of petitions subject to dismissal.

Whether Auto Alarm relinquished the car involuntarily or conditionally is a matter Auto Alarm must prove if contested to succeed on its claim.[1] Its omission at the pleading stage, however, is not fatal. The specifics of the relinquishment may be developed with further discovery or by a motion for more definite statement. At this juncture, considering our rules of construction, Auto Alarm's petition sufficiently pled causes of action for conversion and replevin. Dismissal was improper.

Accordingly, we reverse the order of dismissal and remand for further proceedings.

SMITH, P.J., and GARY M. GAERTNER, J., concur.

---

1. *See, e.g., In re the Estate of Miller*, 197 Ill. App.3d 67, 144 Ill.Dec. 890, 894, 556 N.E.2d 568, 572 (1990) holding that the involuntary re-linquishment of retained property pursuant to a court order does not result in the loss of a common law retaining lien.