AUTO ALARM SUPPLY CORP.,
Plaintiff–Appellant,

v.

LOU FUSZ MOTOR CO., Respondent–
Respondent.

No. 73006.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 15, 1998.

Case Transferred to Supreme Court
Nov. 24, 1998.

Case Retransferred to Court of
Appeals March 23, 1999.

Original Opinion Reinstated
April 8, 1999.

**468**

Blair Drazic, Creve Coeur, for appellant.

Vatterott, Shaffar & Dolan, P.C., Paul F. Devine & John R. Hamill, Maryland Heights, for respondent.

KAROHL, Judge.

Plaintiff, Auto Alarm Supply Corporation, (Auto Alarm) appeals after judgment on a directed verdict for defendant, Lou Fusz Motor Company, (Lou Fusz) in an action for conversion. Auto Alarm claimed a lien on an automobile under common law and statutory artisan's liens. We hold there is evidence to support submission on the issue of conversion against Lou Fusz, a conditional vendor. The terms of the conditional sales contract placed the conditional vendee in the position of owner of the automobile in relation to Auto Alarm. Thus, the conditional vendee's failure to pay Auto Alarm for work on the automobile vested a right of possession of the automobile in Auto Alarm under a statutory artisan's lien, to the amount of the costs of the work done. We reverse and remand.

In written work orders totaling $1,364.89, Donovan Hansen requested Auto Alarm install neon tubing, window tinting and alarm systems for a 1990 Ford Mustang. After completing the work, yet before the bill was paid, the Overland Police Department seized the automobile from Auto Alarm on a complaint it was stolen. Lou Fusz later took possession of the automobile and sold it. There is no dispute that Hansen obtained the automobile with a check written on a closed account. Auto Alarm demanded return of the automobile under an artisan's lien. Lou Fusz refused. Auto Alarm brought claims for replevin and conversion.

We previously held Auto Alarm satisfied pleading requirements for an action in conversion by alleging a right to possession. *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 918 S.W.2d 390, 393 (Mo.App. E.D. 1996). We found Auto Alarm pled:

> Hansen was in lawful possession of the vehicle pursuant to the transaction of sale with Lou Fusz and that Hansen entered into a written contract with appellant to expend labor, services, skill and material upon the vehicle.

*Id.*

At the close of all evidence, the trial court directed a verdict for Lou Fusz "based upon [Auto Alarm's] failure to prove the right to possession." In reviewing a directed verdict granted in favor of defendant, we view the evidence and permissible inferences most favorably to the plaintiff, disregard contrary evidence and inferences, and determine whether plaintiff made a submissible case. *Head v. National Super Mkts., Inc.*, 902 S.W.2d 305, 306 (Mo.App. E.D.1995). Directing a verdict is a drastic remedy. *Id.* A presumption, therefore, is made in favor of reversing the trial court's grant of a directed verdict unless the facts and any inferences therefrom are so strongly against the plaintiff as to leave no room for reasonable minds to differ as to a result. *Friese v. Mallon,* 940 S.W.2d 37, 40 (Mo.App. E.D.1997)

In order to recover under a theory of conversion, a plaintiff must show that at the time of the alleged conversion he had the right to possession of the property that was converted. *Minton v. Hill,* 944 S.W.2d 250, 253 (Mo.App. W.D.1997). Conversion is a tort against the right of possession, not against the right of title. *Auto Alarm Supply Corp.,* 918 S.W.2d at 391. It can occur by: (1) a wrongful taking; (2) any use indicating a claim of right in opposition to the rights of the person entitled to possession; or, (3) an improper refusal to relinquish control on demand, as claimed in this case. *Id.*

The issue is whether Auto Alarm presented evidence to support a finding of a right to possess the automobile based on an artisan's lien. A statutory artisan's lien arises when a

person expends labor, services, skill or material upon any motor vehicle at the written request of an owner, agent or person in lawful possession. Section 430.082 RSMo Cum.Supp.1992. Lou Fusz argues Hansen was never the owner of the automobile because title did not transfer at the time of delivery thereby voiding the sale under section 301.210.4 RSMo Cum.Supp.1992. The argument is legally sound when analyzing the relationship of Lou Fusz and Hansen, but it is not decisive of the statutory right of Auto Alarm.

The lien statute does not define an "owner." The definition of an owner in Chapter 301 "**REGISTRATION AND LICENSING OF MOTOR VEHICLES**" provides:

> (35) "**Owner**", any person ... who holds the legal title to a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale ... with the right of purchase upon the performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee....

Section 301.010(35) RSMo Cum.Supp.1992.

■ Statutes are construed together and harmonized if possible. *U.S. Cent. Underwriters Agency, Inc. v. Manchester Life and Cas. Management Corp.*, 952 S.W.2d 719, 722 (Mo.App. E.D.1997). The Chapter 301 definition of owner, limited to motor vehicles, is applicable to the artisan's lien statute created in section 430.082.

■ A sale of an automobile is void where no title passes at the time of delivery. *Minton*, 944 S.W.2d at 253. However, motor vehicles may be the subject of a conditional sale contract and the contract may have legal consequences before the sale. Here, the evidence supports a finding that Lou Fusz and Hansen entered into a conditional sale contract for the future sale of the automobile, rather than a sales contract.

■ Construction of the contract is a question of law. *McGilley v. McGilley*, 951 S.W.2d 632, 636 (Mo.App. W.D.1997). Testimony of Lou Fusz's used car manager revealed the terms. The manager testified there was a written, signed agreement with Hansen for the price of the automobile of $7445. Lou Fusz chose to release the keys and gave possession of the automobile to Hansen in exchange for the promise to pay the amount agreed. The future sale of the automobile was conditioned on Hansen's check clearing. Hansen's check did not clear. He breached the contract. However, for purposes of the statutory lien and Auto Alarm's priority possession, Hansen was in lawful possession by the agreement.

■ Auto Alarm's conversion claim was submissible to the jury. There was presentation of evidence that its right to possession arose when it expended labor and materials on the request of Hansen, a conditional vendee in lawful possession. We reverse and remand.

AHRENS, P.J. and CRANDALL, J., concur.