**Richard MERTZ, Appellant,**

v.

**BLOCKBUSTER, INC., Respondent.**

**No. ED 76962.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 2000.

Rehearing Denied Nov. 9, 2000.

Irwin M. Roitman, St. Louis, for appellant.

Michael M. Godsy, St. Louis, for respondent.

## OPINION

DRAPER, Judge.

Richard Mertz (hereinafter, "Mertz") appeals the judgment in conversion based on his unauthorized possession of Blockbuster Inc.'s (hereinafter, "Blockbuster") video tapes and games. Following a jury trial, judgment was entered pursuant to a verdict for actual damages of $6,120 and punitive damages of $5,000. We affirm.

In July 1998, a Blockbuster store manager contacted Officer Keith Weber (hereinafter, "Officer Weber") of the Saint Louis County Police Department requesting assistance in investigating three suspicious applications received by his store. Blockbuster granted these applicants temporary memberships with rental privileges. After being granted their temporary memberships, the applicants rented multiple copies of the same video tapes and games. When the rental period expired for these items, the applicants failed to return the merchandise. Blockbuster personnel attempted to contact the applicants to alert them to the expired rental period, but their attempts failed due to the invalid addresses and phone numbers registered by the applicants.

The Blockbuster manager recognized a pattern whereby applications were falsified, large quantities of merchandise rented, and nothing was ever returned to the store. The Blockbuster manager placed these accounts on hold and alerted other stores in the Saint Louis area via their computer network.

After the regional alert, an applicant at another Blockbuster store used a similar false name in filling out his application. The applicant was denied temporary membership and rental privileges. As the applicant left the store, the Blockbuster employee obtained the license plate number from his car. Officer Weber instigated a registration inquiry on the license plate number and discovered the car was registered to a Missouri resident named Terry Black (hereinafter, "Black"), and he issued a nationwide alert via REJIS[1] for the vehicle.

---

1. REJIS a data processing center for governmental agencies in the Saint Louis area. The

Subsequently, Black was stopped for a traffic violation in Kentucky. When his license plate number appeared on the nationwide alert, police impounded the car and the merchandise in the trunk. Officer Weber was contacted, and the Kentucky police sent him the impounded merchandise.

Officer Weber returned to the Blockbuster store with the impounded merchandise to determine whether it belonged to Blockbuster. Officer Weber and the Blockbuster managers used a store scanner to determine that each of the boxes of impounded merchandise contained Blockbuster property. Black subsequently contacted Officer Weber from Kentucky requesting return of the impounded merchandise. Black informed Officer Weber that the merchandise was on consignment from Mertz, and he was attempting to sell it. Mertz in fact claimed he owned the merchandise when he called Officer Weber to attempt retrieval of the video tapes and games.

Mertz owns a business dealing in the purchase, sale, and trade of used video tapes, video games, music CDs, and music cassettes. Black is a friend of Mertz. Additionally, Mertz employed Black for business. On at least one prior occasion, Black drove a car of merchandise to Kentucky to sell at a flea market for Mertz.

Based upon information given to Officer Weber by Black that the merchandise came from Mertz's store, Officer Weber, on October 2, 1998, investigated Mertz's business. Two Blockbuster managers accompanied Officer Weber and brought a list of the merchandise which had been appropriated from Blockbuster by falsified applications. Upon arriving at Mertz's store, all three were able to view merchandise bearing Blockbuster labels from the front window while standing outside of the store.

Officer Weber contacted Mertz. Once Mertz arrived, Officer Weber explained he suspected there was stolen property in the store and read Mertz his *Miranda* rights. Mertz stated he understood his rights and consented to a search of his store. Before entering the store, Mertz commented to Officer Weber that "all businesses have . . . purchased stolen merchandise and that all businesses have stolen merchandise in them." Upon a detailed search of the store, there were over 100 video games identified and seized.

Mertz filed suit in replevin; Blockbuster counter-claimed in conversion. Following presentation of the evidence and arguments, the case was submitted to the jury. The jury returned its verdict finding for Blockbuster on its counterclaim and against Mertz on his suit in replevin. The jury awarded Blockbuster $6,120 in actual damages and $5,000 in punitive damages. The trial court denied Mertz's motion for judgment notwithstanding the verdict (hereinafter, "JNOV") and new trial. Mertz appeals.

▮ Mertz alleges that the trial court erred in its denial of his motion for directed verdict, and his JNOV motion and motion for new trial.[2] In regard to the denial of Mertz's motion for directed verdict, Mertz fails to state why the trial court erred in its denial and what evidence was before the court supporting the correct ruling; accordingly, we do not review this allegation. *See J.A.D. v. F.J.D.,* 978 S.W.2d 336, 338 (Mo. banc 1998). However, in the same point relied on, Mertz alleges that the trial court improperly denied his JNOV motion in that each of the "three proofs" to sustain a conversion claim by Blockbuster were unsupported by a preponderance of evidence.

▮ In order to recover under a theory of conversion, Blockbuster must show

acronym stands for Regional Justice Information Service. *See www.rejis.org*

2. We remind attorneys when drafting their points relied on to review the dictates of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Rule 84.04(d)

that it had the right to possession of the converted property at the time of the alleged conversion. *Simul Vision Cable Systems Partnership v. Continental Cablevision of St. Louis County, Inc.,* 983 S.W.2d 600, 603 (Mo.App. E.D.1999). Conversion is the "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller,* 896 S.W.2d 741, 742 (Mo. App. E.D.1995). It is a tort against the right of possession rather than against the right of title. *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.,* 986 S.W.2d 467, 468 (Mo.App. E.D.1998). A conversion claim may be proved by showing: (1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner; *or* (3) a refusal to give up possession to the owner on demand. *Id.* (Emphasis added.) It is possible to infer intent to convert from the facts and circumstances of the situation. *Ware v. McDaniel,* 899 S.W.2d 170, 173 (Mo.App. W.D.1995).

■ A motion for JNOV challenges the submissibility of the plaintiff's case. *Allstates Transworld Vanlines, Inc. v. Southwestern Bell Telephone Co.,* 937 S.W.2d 314, 316 (Mo.App. E.D.1996). In review of the denial of a JNOV motion, this Court accepts the evidence and reasonable inferences favorable to the verdict and disregards all contrary evidence and inferences. *Quinn v. Lenau,* 996 S.W.2d 564, 567 (Mo.App. E.D.1999). To establish its conversion claim, Blockbuster must prove: (1) it was the owner of the property or entitled to possession of it; (2) Mertz took possession of the property with the intent to exercise some control over it; and (3) Mertz, thereby, deprived Blockbuster of the right to possession of the property. MAI 23.12(1) (1989).

■ Here, Blockbuster presented evidence establishing that it owned the video tapes and games. Blockbuster attaches semi-permanent labels to its merchandise prior to renting to its members. At trial, a Blockbuster manager testified that Blockbuster does sell used video tapes to the public without removing the affixed Blockbuster label. However, Blockbuster never offered the seized video games for sale prior to October 2, 1998. All of the video tapes and games seized from Mertz's store carried the attached Blockbuster label. It is reasonable for the jury to infer that Blockbuster was the owner or entitled to possession of the video games.

Mertz is in the business of selling used video tapes and games he stocked in his store. His inventory included Blockbuster property. It is apparent that Mertz attempted to sell Blockbuster's property for his own financial gain. Further, by offering Blockbuster property for sale, Mertz exercised exclusive control over it. He attempted to deprive Blockbuster of its possessory rights.

Additionally, Blockbuster presented evidence as to the average length of time the video tapes and games were not available for rental and the average revenue which Blockbuster would have received for those rentals. There is no objection in the transcript from Mertz as to the introduction of this testimony.

Blockbuster made a submissible conversion claim. The cause was properly submitted to the jury, and the trial court properly denied Mertz's JNOV motion. The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.