**Linda CAREY, Respondent,**

v.

**John CAREY, Appellant.**

No. ED 79213.

Missouri Court of Appeals, Eastern District, Division Three.

July 16, 2002.

Daniel L. Mohs, St. Louis, MO, for appellant.

David B. Lacks, Jeanne M. Fox, St. Louis, MO, for respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Appellant, John Carey ("father"), appeals from the judgment of the Circuit Court of St. Louis County granting respondent's, Linda Carey ("mother"), motion to modify child support. We affirm.

On March 30, 1993, the trial court entered a decree of dissolution of the marriage of father and mother. The parties were to maintain joint custody of their three children. Two of the children Timothy P. Carey ("Timothy"), born on August 21, 1978, and Kelly K. Carey ("Kelly"), born on June 5, 1980, were to remain in mother's primary physical custody. Shawn M. Carey ("Shawn"), born on March 4, 1975, was to remain in father's primary physical custody. Mother was to make child support payments of $135.00 per month for Shawn and father was to make child support payments of $629.00 ($314.50 per child) per month for Timothy and Kelly. The child support amounts were determined based upon a finding of mother's monthly income at $1,000.00 per month and father's monthly income at $3,000.00 per month.

On May 11, 2000, mother filed a motion to modify the decree of dissolution seeking increased child support from and contribution by father towards the college expenses of the minor child, Timothy, and the minor child, Kelly. On June 16, 2000, father filed a counter motion to modify, seeking termination of child support and reimbursement of support monies paid to mother because Timothy and Kelly failed to comply with the reporting and notification requirements of Section 452.340, RSMo 2000.[1] Timothy enrolled in and at-tended the University of Missouri at Rolla beginning in August 1996. Kelly graduated from high school in June 1998 and attended Southeast Missouri State that fall. Kelly later transferred to the University of Missouri at St. Louis for her sophomore year. In summer of 2000, Kelly applied to Lindenwood College, was accepted, and began classes in the fall quarter of 2000. In addition to taking a course load of nine credit hours per quarter, Kelly was employed fulltime at an auto dealership.

The parties stipulated that father's gross monthly income was $3,416.00 and mother's gross monthly income was $2,000.00.

The trial court granted judgment for mother on the motion to modify and awarded her child support in the amount of $750.00 per month for Kelly. The trial court found that Kelly did not meet the reporting requirements of the statute for the spring of 1999, fall of 1999, or spring of 2000 semesters. The trial court found that the payments made by father to mother for those semesters were voluntary, and that mother was not required to repay sums to father. The trial court ordered father to pay mother's partial attorney's fees in the amount of $700.00. The trial court also denied father's counter motion to modify. Father appeals.

Child support awards are within the sound discretion of the trial court. *Bauer v. Bauer*, 28 S.W.3d 877, 884 (Mo. App. E.D.2000). In the absence of manifest abuse of discretion, we will not substitute our judgment on the modification of child support for that of the trial court's. *Id.* The trial court's judgment awarding child support must be supported with substantial evidence, and the judgment cannot be against the weight of the evidence or contrary to law. *Id.* We review the evi-

1. All statutory references are to RSMo 2000.

dence and credibility of witnesses in a proceeding for modification of child support obligation in the light most favorable to the trial court's decision. *Id.*

In his first point on appeal, father argues the trial court erred in granting mother's motion to modify because the trial court's determination that Kelly complied with the notification requirements of section 452.340.5 is unsupported by substantial evidence, is against the weight of the evidence and misapplies the law. Father alleges that there was no credible evidence that Kelly provided him in July 2000, or any other time, with official documents generated by Lindenwood College, showing her registration with the school, the courses she was enrolled in for the upcoming school quarter, and the number of credit hours for each course in which she was enrolled.

■ Generally, child support payments may be terminated when the child reaches the age of eighteen. Section 452.340.3(5); *Morton v. Myers*, 21 S.W.3d 99, 105 (Mo. App. W.D.2000). However, the statute provides for the continuation of benefits when the child is still in secondary school or if the child enrolls in an institution of vocational or higher education by the October following graduation from secondary school, if certain attendance, academic and notice requirements set out in section 452.340.5 are met. *Id.* Section 452.340.5 provides in pertinent part:

> To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses

which the child is enrolled in for the upcoming term and the number of credits for each such course.... A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.

■ A child's failure to comply with the notification requirements of section 452.340.5 does not necessarily relieve a parent of future payments for the child's educational expenses. *In re Marriage of Kohring*, 999 S.W.2d 228, 234 (Mo.banc 1999). If the child complies with the statutory preconditions for subsequent terms or semesters, the child still remains eligible for parental support until the child completes his or her college education or he or she reaches the age of twenty-two, whichever first occurs. *Id.*

In the case at bar, it is undisputed that Kelly failed to comply with the statutory requirements when she enrolled and attended Southeast Missouri State. It is also undisputed that Kelly failed to comply with the statute when she transferred and attended University of Missouri at St. Louis for her second year of college. The dispute is whether Kelly complied with the statutory requirement at the beginning of her schooling at Lindenwood College as to be eligible for child support.

■ A review of the evidence and testimony shows that Kelly provided her father the following documents prior to the beginning of her first quarter at Lindenwood College: 1) copies of her transcripts from both Southeast Missouri State and the University of Missouri at St. Louis; 2) a list of courses showing all the courses which could be taken: 3) a copy of her registration form for Lindenwood College; and 4) a copy of her school enrollment

form showing the courses to be taken and number of credit hours for the upcoming quarter. The record does not support that Kelly presented all these documents in July of 2000. Nonetheless, a careful review of the evidence and testimony showed that all the relevant documents were provided to father prior to the beginning of the school term. Thus, Kelly did comply with the notice requirement and was eligible for child support.

■ Father argues that the trial court erred when it found that Kelly complied with the statutory requirements in July 2000. Appellate courts will affirm the judgment of the trial court under any reasonable theory supported by the evidence. *Felling v. Giles*, 47 S.W.3d 390, 393 (Mo. App. E.D.2001). We are primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach the result. *Id.* As already stated, Kelly may not have provided all the documents by July of 2000. It is irrelevant whether the documents were provided in July or August of 2000. The statute requires that the documents be provided at the beginning of each semester. The record in this case supports that Kelly provided her father the relevant documents prior to the beginning of her schooling at Lindenwood College. Because the trial court reached the correct result, we affirm the judgment of the trial court. Point denied.

■ In his second point on appeal, father argues that the trial court erred in denying his counter motion to modify. Father argues that the trial court erred in its determination that his child support payments, during the semesters Timothy and Kelly were not eligible for support due to their failure to meet the notification requirements of section 452.340.5, were voluntary and not subject to repayment. Father alleges that the determination is not supported by substantial evidence.

■ Generally, a parent who voluntarily exceeds decreed child support payments may not claim credit against future payments. *Anderson v. Aronberg*, 927 S.W.2d 931, 935 (Mo.App. E.D.1996). "The same is true for reimbursement of voluntarily paid college expenses which are a form of child support." *Id.* An overpayment of child support is presumed voluntary. *Samples v. Kouts*, 954 S.W.2d 593, 600 (Mo.App. W.D.1997).

In the present case, father made child support payments for Timothy and Kelly, even though they failed to comply with the statutory requirements. Timothy and Kelly were enrolled in college. Neither Timothy nor Kelly complied with the statutory requirement for continued child support. Both Timothy and Kelly were ineligible for child support during these times.

Furthermore, father and mother admitted that they were not aware of the statutory requirement until the spring of 2000. Moreover, Timothy and Kelly were unaware of the specific reporting requirements of section 452.340.5. Father knew that Timothy and Kelly were enrolled in their respective colleges. Father helped Timothy move in at Rolla when he first began attending the school. Father also helped Kelly move to Southeast Missouri State. Father was aware of his children's continuous enrollment at their respective schools. In addition, father testified that he continued to pay child support to mother because he wanted to assist his children as much as possible. It is not unreasonable to infer that father voluntarily made these payments with the good and noble intention of helping his children. Thus, we conclude that the trial court's decision refusing to order reimbursement of those payments was not an abuse of discretion. Point denied.

In his final point on appeal, father argues that the trial court erred in ordering him to pay a portion of mother's attorney's fees. Father alleges that the trial court abused its discretion in ordering him to pay a portion of mother's fees.

"The distribution of attorney fees by the trial court is presumptively correct." *Kaelin v. Kaelin*, 988 S.W.2d 657, 661 (Mo.App. E.D.1999). In determining the proper distribution, the trial court has broad discretion to award or deny attorney fees and its determination will not be disturbed absent an abuse of discretion. *Id.* In determining if there was an abuse of discretion, the complaining party must show that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.* at 661–662.

Here, the trial court considered the financial situation of father and mother in its judgment. Both parties stipulated that mother's income totaled $2,000.00 per month, and father's income totaled $3,416.00 per month. Father was ordered to pay $700.00, a portion of mother's fees. Father has not shown that this award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, J. and CLIFFORD H. AHRENS, J. concur.