Sandra C. SCOTT n/k/a Sandra
C. Brooks, Respondent,

v.

Dennis M. SCOTT, Appellant.

No. ED 83026.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 2005.

Lynn Ricci, Garnholz & Ricci, L.C., St. Louis, MO, for appellant.

Sandra C. Scott, St. Louis, MO, pro se.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Dennis M. Scott ("Father"), appeals from the judgment of the Circuit Court of St. Louis County in favor of respondent, Sandra C. Brooks ("Mother"). We affirm in part and reverse and remand in part.

Mother and Father were married September 10, 1994. The parties had a son ("Child") on August 18, 1995. Child was born with spinal muscular atrophy and has extraordinary and special medical needs.

On October 20, 1999, Mother and Father entered into a stipulation for a judgment pendente lite ("the PDL judgment"). The PDL judgment provided for Father to pay one-half of Child's unreimbursed medical expenses, one-half the cost of health insurance for Child, and one-half the cost of

daytime care for Child. The PDL judgment also divided physical custody between Mother and Father.

On January 31, 2001, the trial court entered its judgment of dissolution. This judgment awarded joint legal and physical custody to Mother and Father. Mother was ordered to provide and maintain medical and dental insurance for Child. Father was ordered to pay $445 per month in child support, plus one-half unreimbursed medical expenses and one-half of daycare costs. The trial court also specifically held that Father was to begin paying $700 per month for daycare costs, said figure being subject to adjustment, and was to pay $5,785 in retroactive child support. The trial court also provided a detailed account of its division of the marital and separate property. In particular, the trial court awarded Father stock holdings valued at $30,361.00.

On March 1, 2001, Mother filed a motion for orders *nunc pro tunc* and/or to amend. Mother sought to have the dissolution judgment amended to specifically provide for one-half unreimbursable medical expenses and daycare costs retroactive to May 30, 2000, the day the parenting plan was approved by Mother and Father. This motion was denied.

On April 24, 2001, Mother filed a motion for an order to show cause and to reduce sums to judgment and for contempt. In this motion, Mother asserted that she had demanded payment for medical bills and expenses incurred pursuant to the PDL judgment covering the time period from the entry of the PDL judgment to the dissolution judgment. Further, Mother sought payment of $3,201.64 for the support of Child as set forth in the PDL judgment. Mother also demanded payment for medical bills and expenses incurred from the date of the dissolution judgment up to the date of Mother's motion to reduce sums to judgment. The trial court entered an order for Father to show cause for his failure to satisfy his obligations under the prior judgments. Mother asked that Father be held in contempt if he failed to show cause.

On May 3, 2001, Father filed a motion for contempt. Father asserted that he was awarded $35,283.85, plus certain stocks and securities, but Mother has failed or refused to pay the $35,283.85 and to transfer the stocks. The court issued an order for Mother to show cause for her failure to satisfy her obligations under the prior judgments.

On May 16, 2001, Father filed an amended motion to dismiss Mother's motion for contempt because, he argued, Mother had unclean hands because she had failed to satisfy her obligations under the trial court's judgment and, further, Mother was not entitled to payment for the allegations in her motion for contempt because they were precluded by *res judicata*.

On September 7, 2001, Bruce Hilton, the appointed arbitrator, entered an award, which found Father owed Mother $8,958.92 for unreimbursed expenses from January 31, 2001 to August 31, 2001 and $5,785.00 plus interest for retroactive child support. On October 5, 2001, Father filed a motion to strike or in the alternative clarify and amend the arbitrator's award. Father alleged the award was vague and unenforceable.

On February 14, 2002, Father filed a cross-motion to modify the dissolution judgment. Father alleged that there were substantial continuing and changed circumstances including, but not limited to the parties' inability to agree on medical care and treatment of Child and Child's failure to receive schooling and therapy as needed. Father sought sole legal and primary physical custody of Child, the termi-

nation of his obligation to pay $445 per month and daycare costs, and an order of appropriate child support.

Mother filed an amended motion to modify on April 15, 2002. Mother alleged Father was preventing the Child from receiving proper medical treatment and Father was refusing to pay his share of medical expenses.

On October 2, 2002, Father filed a motion to enforce the dissolution judgment, to reduce to sum certain, and for sanctions. Father alleged Mother refused to transfer the stock awarded to him in the dissolution judgment. Father also argued Mother had failed to pay the money she owed him.

On February 11, 2003, the trial court entered its second amended modification judgment. The trial court awarded Mother sole legal custody. Father was ordered to pay $808.50 per month in child support, plus one-half of nanny, daycare, and uncovered medical expenses. Mother was ordered to pay for a health insurance plan for Child. On Mother's motion to reduce sums to judgment, the trial court found Father owed Mother $26,704 for the period from October 27, 1999 to January 31, 2001, $11,782.00 for the period from January 31, 2001 to December 20, 2002, and $2,398 in child support. The court overruled Mother's motion for contempt, and found Mother owed Father $35,786.35 pursuant to the dissolution judgment. After offsetting the amounts Mother and Father owed to each other, the court found Father owed Mother $5,097.65, and the arbitrator's award was struck. The court also overruled Father's motion for contempt and found "that the stock awarded to [Father] pursuant to the Decree had a value of $30,361.00." The court then ordered Mother to transfer this stock within fifteen days. Father's motion to enforce the dissolution judgment and for sanctions was denied.

Father filed a motion to amend the judgment, for a new trial, or in the alternative to reopen for new evidence, which was denied. This appeal followed.[1]

We affirm the decision of the trial court unless the decision is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will not substitute our judgment for that of the trial court on a motion to modify absent a manifest abuse of discretion. *Carey v. Carey*, 84 S.W.3d 469, 471 (Mo.App. E.D.2002). Further, on review of a motion to modify, we review the evidence and credibility of the witnesses in the light most favorable to the trial court's decision. *Id.* at 471–72.

In his first point on appeal, Father argues the trial court erred in entering judgment against him for $26,704 in child expenses because the doctrine of *res judicata* bars a subsequent claim on matters previously decided in the trial court's January 31, 2001 judgment, which Mother did not appeal.

"An award pendente lite is in the nature of an independent cause of action." *Tate v. Tate*, 920 S.W.2d 98, 106 (Mo.App. E.D.1996). A pendente lite order is a final judgment on the merits of the motion from which an appeal may be taken. *Id.* If no appeal is taken, execution may issue on the pendente lite order. *Id.*

Before the dissolution judgment, the parties entered into the PDL judgment. The PDL judgment provides for, among other things, Father's payment of one-half of the unreimbursed medical expenses and daycare costs up to the date of the dissolution judgment. On January 31, 2001, the trial court entered its dissolution judgment

---

1. Mother did not file a respondent's brief.

ordering Father to continue to pay Mother one-half of unreimbursed medical and day-care expenses.

Mother filed a motion to reduce sums to judgment in an attempt to explicitly state the amount due from the PDL judgment up to the dissolution judgment and from the dissolution judgment to April 24, 2001, when the motion to reduce sums to judgment was filed.

In its February 11, 2003 judgment, the trial court granted Mother's motion to reduce sums to judgment, ordering Father to pay Mother $26,704.00 for expenses incurred on behalf of the child from October 27, 1999 to January 31, 2001, the day the dissolution judgment was entered.

Mother's motion to reduce sums to judgment was merely part of the process of executing on the PDL Judgment. Therefore, we find the trial court did not err in entering judgment against Father for $26,704 in expenses incurred on behalf of the minor child. Point denied.

In his second point on appeal, Father argues the trial court erred in awarding child support from January 31, 2001 to December 20, 2002 because there was no evidence at trial to support Mother's alleged expenses during this period.

It is within the sound discretion of the trial court whether to make an award of child support. *Brown v. Shannahan,* 141 S.W.3d 77, 81 (Mo.App. E.D. 2004). We will not substitute our judgment for the trial court's absent a manifest abuse of discretion, and we will not disturb the trial court's award of child support unless the evidence is palpably insufficient to support it. *Id.* We view all evidence and any permissible inferences therefrom in the light most favorable to the trial court's decision and defer to the trial court's determinations of credibility. *Brooks v. Brooks,* 21 S.W.3d 834, 835 (Mo. App. E.D.1999).

At trial, Mother offered numerous exhibits, which included bills for medical expenses and pay stubs for various nannies, to show how much she spent on Child during this period. Mother also testified extensively regarding the expenses she incurred in caring for the minor child during this period.

Keeping in mind our standard of review, we find the trial court's award was supported by substantial evidence. Therefore, we find that the trial court did not err or abuse its discretion in awarding child support from January 31, 2001 to December 20, 2002. Point denied.

In his third point on appeal, Father argues the trial court erred in ordering Mother to transfer $30,361 in stock to Father because Mother converted almost $16,000 of the stock to her sole use, making Father's ability to receive the stock set out in the dissolution judgment impossible.

To prove conversion, one must show that he had the right to possession of the converted property at the time of the alleged conversion. *Mertz v. Blockbuster, Inc.,* 32 S.W.3d 130, 132–33 (Mo.App. E.D. 2000). Conversion is the unauthorized assumption of the right of ownership over another person's personal property to the exclusion of the owner's rights. *Id., quoting CMLAV v. Mueller,* 896 S.W.2d 741, 742 (Mo.App. E.D.1995). To establish a conversion claim, one must show: (1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner; or (3) a refusal to give up possession to the owner on demand. *Mertz,* 32 S.W.3d at 133.

In Father's motion for contempt, he alleged Mother had failed to comply with the January 31, 2001 judgment in that she had failed to transfer certain stocks and securities to Father.

Mother testified that she sold stock that had been awarded to Father. The record indicates that Mother did liquidate certain stocks, including the Baron Asset Fund, the MMS, the Nicholas Fund, and the Vanguard. According to the figures in the record, this stock was worth approximately $16,000 at the time of the dissolution judgment. Mother testified at trial that Father was not current on several of his payments, and she "had to sell off [her] stocks to pay the medical expenses and continue to live."

The trial court overruled Father's motion for contempt, and held that the stock awarded to Father pursuant to the Decree had a value of $30,361.00. Then the trial court ordered Mother to execute any documents provided to her in order to transfer the stock within fifteen days of her receipt of those documents.

It is clear from the record that Mother refused to transfer the stock in compliance with the dissolution judgment and that she sold some of the stock. We find that Mother converted the stock. Therefore, the trial court erred in entering its second amended modification judgment ordering Mother to transfer the stock valued at $30,361.00 in the dissolution judgment because Mother no longer owned all of that stock. Point granted.

Therefore, we affirm the trial court's judgment as to the first two points on appeal. However, as to the third point on appeal, we reverse and remand for the trial court to enter a new order distributing the remaining stock and properly balancing the equities in this case.

SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J., concur.