

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| GEORGE ALDRIDGE, | ) | No. ED103700 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | 15WA-CC00178 |
| | ) | |
| CHARLA FRANCIS and | ) | Honorable Troy K. Hyde |
| JASON CRAWFORD, | ) | |
| | ) | |
| Respondents. | ) | FILED:  November 8, 2016 |

## OPINION

George Aldridge (Aldridge) appeals *pro se* the trial court's judgment dismissing his petition for failure to state a claim against two corrections officers, Charla Francis and Jason Crawford (Officers).  We affirm.

### Factual and Procedural Background

Aldridge is an offender incarcerated with the Missouri Department of Corrections.  On May 22, 2014, Aldridge was incarcerated at Potosi Correctional Center in Potosi, Missouri, where he alleged in the underlying case that two corrections officers tortiously converted his personal property upon his transfer from Eastern Reception, Diagnostic, and Correctional Center to Potosi Correctional Center.  Specifically, Aldridge alleged that the Officers confiscated certain items previously in the possession of Aldridge at the time of his arrival at Potosi Correctional Center.  Aldridge alleged that this confiscation constituted tortious conversion.  On September 16, 2015,

the Officers filed a motion to dismiss for failure to state a claim for tortious conversion and, on October 19, 2015, the trial court granted the motion. This appeal follows. [1]

## Standard of Review

"[A] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." Reynolds v. Diamond Foods & Poultry, Inc., 79 S.W.3d 907, 909 (Mo. banc 2002). We review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 306 (Mo. banc 1993). In so doing, we take a plaintiff's averments as true, liberally grant plaintiff all reasonable inferences and will not weigh the credibility or persuasiveness of facts alleged. Id.; Reynolds, 79 S.W.3d at 909.

Moreover, an appellate court reviews a trial court's grant of a motion to dismiss *de novo* and will consider only the grounds raised in the motion to dismiss in reviewing the propriety of the trial court's dismissal of a petition. Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008). In so doing, we will not consider matters outside the pleadings. Brennan By and Through Brennan v. Curators of the Univ. of Mo., 942 S.W.2d 432, 434 (Mo. App. W.D. 1997). We will consider solely whether the grounds raised in the motion supported dismissal. City of Lake Saint Louis v. City of O'Fallon, 324 S.W.3d 756, 759 (Mo. banc 2010).

---

[1] We note that Aldridge's s brief violates several provisions of Rule 84.04 and that *pro se* appellants are held to the same procedural rules as attorneys. Scott v. Potter Elec. Signal Co., 310 S.W.3d 311, 312 (Mo. App. E.D. 2010). Nevertheless, we review Aldridge's points on appeal *ex gratia.*

Discussion

In his sole point on appeal, Aldridge argues the trial court erred and abused its discretion in dismissing his petition because he stated sufficient facts to survive a motion to dismiss under a number of theories of substantive law, including tortious conversion.[2] We disagree.

Generally speaking, "conversion is any distinct act of dominion wrongfully exerted over one's property, in denial of his right or inconsistent with it." In re Estate of Boatright, 88 S.W.3d 500, 506 (Mo. App. S.D. 2002). "Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." Kennedy v. Fournie, 898 S.W.2d 672, 678 (Mo. App. W.D. 1995). Conversion is a tort against the right of possession rather than against the right of title. Auto Alarm Supply Corp. v. Lou Fusz Motor Co., 986 S.W.2d 467, 468 (Mo. App. E.D. 1998).

Conversion may be established in one of three ways: "(1) by tortious taking; (2) by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner, or (3) by a refusal to give up possession to the owner on demand." Estate of Boatright, 88 S.W.3d at 506. Under any of these three theories, the plaintiff must show he had title to, or a right of property in, and a right to the immediate possession of the property concerned at the alleged date of conversion. Mertz v. Blockbuster, Inc., 32 S.W.3d 130,

---

[2] Aldridge also claims that the Associate Division of the Circuit Court of Washington County was not the appropriate venue to handle a motion to dismiss. We disagree. Section 517.011.1 RSMo 2000 expressly defines the claims that can be heard in the associate circuit courts, which include claims arising under Chapter 537 of the Missouri Revised Statutes such as tort claims in general and tort claims against state employees in specific. See Section 537.600.1 RSMo 2000. Moreover, associate circuit judges have concurrent original jurisdiction of all causes heard by circuit judges, with no monetary limitations. Mogley v. Fleming, 11 S.W.3d 740, 747 (Mo. App. E.D. 1999). Therefore, the Associate Division of the Circuit Court was the proper venue for Aldridge's claim.

3

133 (Mo. App. E.D. 2000). "It is possible to infer intent to convert from the facts and circumstances of the situation." Mertz, 32 S.W.3d at 133.

Therefore, under any theory of conversion, Aldridge must show he had title to, or right of property in, and right to immediate possession of, property concerned at alleged date of the conversion. Id. Here, Aldridge did not plead facts sufficient to meet any element of conversion under this standard.

First, Aldridge did not plead facts indicating that the taking of any property when he arrived at Potosi Correctional Center was unauthorized. If fact, in his petition, Aldridge alleged that the Officers were working as property room officers, and that when the property at issue was seized, it was pursuant to institutional policy. Aldridge alleges no facts to indicate that the Officers were not authorized to take the listed items when he arrived at Potosi Correctional Center. Second, Aldridge has not pled that he had title to or right of property to any of the items he listed or that he had right to immediate possession of the aforementioned items. Other than conclusory allegations, Aldridge pled no facts to sustain a claim that he had a right of property or right to immediate possession of the property listed in his petition. Id. Therefore, Aldridge has not stated a claim on which relief may be granted under a theory of tortious conversion and the trial court did not err in granting the Officers' motion to dismiss for failure to state a claim. Point denied.

## Conclusion

The judgment is affirmed.

_____
Mary K. Hoff, Judge

Robert M. Clayton III, Presiding Judge, and Lisa P. Page, Judge, concur.

4