**In re the Matter of Kyle Javan CLARK, et al., etc., Respondents/Petitioners,**

v.

**Carl A. MYERS, Appellant/Respondent.**

No. 69476.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 27, 1997.

Ernest L. Keathley, Jr., Forissant, for Appellant.

Daniel B. Chartrand, Clayton, for Respondent.

CRANDALL, Judge.

Carl Myers ("Father") appeals from an order of the trial court finding him in civil contempt. We dismiss the appeal without prejudice as premature.

In 1990 and 1992, respectively, Luedale Clark ("Mother") brought two paternity actions against Father. He was found to be the natural father of the two children and

ordered to pay child support. In 1995, both Father and Mother filed motions for contempt. Mother alleged Father had failed to make the required child support payments. Father alleged Mother failed to permit him to exercise his temporary custody of the children.

After a hearing, the trial court found Father and Mother in contempt and provided the conditions upon which they could purge themselves. The court also ordered Father to pay Mother's attorney $1000 and assessed one-half of the court costs against Father. Father appeals from this order.

We first determine *sua sponte* whether the order of the trial court is an appealable judgement. *City of Florissant v. Lee*, 714 S.W.2d 871, 872–73 (Mo.App.1986). For an appeal to lie, there must be a final judgment or order. § 512.020 RSMo 1994. A civil contempt order is not a final judgment until it is enforced. *Happy v. Happy*, 903 S.W.2d 609, 610 (Mo.App.1995).

When confronted with a civil contempt order, the contemnor has two options. *Id.*; *Lee*, 714 S.W.2d at 873. Father could purge himself of contempt by complying with the court's order. If this occurs the case would become moot and unappealable. *Id.* Father's second option is to appeal, but he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. *Id.* If Father is incarcerated, then he is entitled to bail pending his appeal. *Id.* Here, the record does not show that Father either complied with the order of the trial court or has been incarcerated. Accordingly, the order of the trial court is interlocutory and not appealable.

The appeal is dismissed without prejudice as premature.

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.