Diana L. WHITWORTH and Richard L. Brown, Plaintiffs–Respondents,

v.

Melvina JONES, Defendant–Appellant.

Nos. ED 78008, ED 78015.

Missouri Court of Appeals, Eastern District, Division Four.

April 10, 2001.

Gregory A. Oliphant, St. Louis, MO, for appellant.

James A. Stemmler, St. Louis, MO, for respondent.

MOONEY, Presiding Judge.

In this consolidated appeal, Defendant, Melvina Jones, appeals from the trial court's judgments that she trespassed on Plaintiffs', Diane L. Whitworth and Richard L. Brown, property and that Defendant committed civil contempt. Defendant contends the trial court erred in: (1) excluding testimony to rebut admissions Defendant made in response to Plaintiffs' request for admissions because Plaintiffs violated Supreme Court Rule 43.01(b) by submitting the request for admissions to Defendant rather than her attorney; (2) hearing Plaintiffs' motion for contempt for violating the judgment enjoining Defendant from entering Plaintiffs' property because the judgment was not final; and (3) failing to state sufficient findings of fact and circumstances in the order of contempt against Defendant.

We affirm the judgment for damages and injunctive relief and dismiss the appeal of the contempt order.

### Facts

Plaintiffs purchased a home at 613 Sontag in January 1997 that shares a septic system with Defendant's home at 611 Sontag. Although the septic system extends onto both properties, Defendant disputed Plaintiffs' right to use the septic system, and tried to harass and threaten people that Plaintiffs hired to clean the system. In March 1997, Defendant moved a fence separating the properties two feet and two inches beyond where the fence previously stood, denying Plaintiffs access to the hatch by which the septic system is cleaned.

Believing that Defendant moved the fence onto their property, Plaintiffs sued Defendant under a theory of trespass for damages and petitioned the court to permanently enjoin Defendant from entering Plaintiffs' property. Defendant hired two

surveyors to determine which lot the fence was on, and both surveyors testified that the fence was on Plaintiffs' property. In March 2000, the trial court entered judgment against Defendant, finding that she committed trespass by moving the fence onto Plaintiffs' land and that a threat of future injury existed if the trespass continued. Therefore, the trial court ordered Defendant to remove the fence and to pay Plaintiffs $2,000 in compensatory damages, and the trial court permanently enjoined Defendant from entering Plaintiffs' property.

About one month later, Plaintiffs filed a motion for contempt against Defendant because she violated the trial court's judgment by firing a shotgun onto Plaintiffs' property and by interfering with the reconnection of Plaintiffs' home to the septic system. The trial court found Defendant in civil contempt and ordered her to pay $300 for attorney fees. Defendant files this timely appeal.

### Analysis

■ In her first point, Defendant alleges that the court should disregard Defendant's failure to respond timely to Plaintiffs' request for admissions because Plaintiffs violated Supreme Court Rule 43.01(b) by submitting the request to Defendant rather than to her attorney. Consequently, Defendant argues the court erred in excluding the testimony she adduced to contradict these admissions. We disagree.

At trial, Plaintiffs' attorney made an oral motion in limine to exclude any evidence rebutting Defendant's admissions, including her acknowledgment that she trespassed on Plaintiffs' property when she moved the fence and that Plaintiffs have an ownership interest in the septic system. The trial court granted the motion, and sustained Plaintiffs' objections when Defendant attempted to present evidence on those and other admissions. The trial court allowed Defendant to make an offer of proof for each witness who was not allowed to testify to rebut the previous admissions.

■ The trial court's ruling regarding the acceptance or rejection of evidence will not be disturbed on appeal unless there is an apparent abuse of discretion. *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 390 (Mo.App. E.D.1998). Because the evidence was excluded, the question for review is whether the trial court abused its discretion, not whether the evidence is admissible. *Id.* at 391. The trial court abuses its discretion when the ruling is clearly against the logic of the circumstances before it and is so unreasonable and arbitrary as to shock the sense of justice and indicates a lack of judicial consideration. *Id.* To constitute grounds for reversal, we must find that the trial court's error in excluding evidence was prejudicial and not harmless. *Id.* at 392. Further, we cannot reverse a judgment unless we find the error committed materially affected the merits of the action. *Id.*

Here, even if we assume the trial court erred in rejecting Defendant's offer of proof, a question we need not decide, we are not persuaded that Defendant was prejudiced. Defendant offered several witnesses to rebut her admissions that she committed a trespass on Plaintiffs' property and that Plaintiffs had an ownership interest in the septic system. However, the testimony was vague on these issues and wholly unpersuasive.

Defendant offered the testimony of Albert Anders, who installed the septic system at 611 Sontag. Mr. Anders testified that he installed the single-family septic system between two fences, one on 611 Sontag and the other on 613 Sontag.

Then, Defendant offered Melvin Jones, Jr., her brother and former resident of 610 Sontag, to testify regarding where Melvin Jones, Sr. erected the fence on 611 Sontag. He testified that there is approximately ten to fifteen feet between the houses on 611 and 613 Sontag. Originally, the fence was almost directly against the house on 613 Sontag. Later, Melvin Jones, Sr. moved the fence back eight feet toward his home on 611 Sontag.

Darlene Lundergen, Defendant's sister and former resident of 613 Sontag, provided a history of the sewage system on both properties from 1975 through 1986, when she sold 613 Sontag. Both properties were connected to a septic system on a third property until 1982 when the owner of the septic system disconnected the lines to 611 and 613 Sontag. Because the county told Ms. Lundergen that she could not put a septic tank on her property, leaving her with no source of indoor plumbing, she prepared her house for sale. Her father, Melvin Jones, Sr., installed a septic system on his property, 611 Sontag, and he allowed Ms. Lundergen to connect her property to the septic system so she could sell it.

None of this testimony disproves Defendant's admissions. The testimony that when Defendant moved the fence, she returned it to its original location provides no defense to Defendant's admission that she trespassed on Plaintiffs' property. Furthermore, the court heard clear evidence from two surveyors hired by Defendant that she encroached on Plaintiffs' property when she moved the fence. Although Defendant apparently is attempting to show that the septic system was installed completely within the boundaries of her property, the offer of proof fails to do so. Defendant fails to show that she was justified in relocating the fence to enclose the system or that she had an

exclusive right to use the system. In fact, none of Defendant's evidence refutes her admission that Plaintiffs have an ownership interest in the septic system. On the contrary, the offer of proof shows that the property at 613 Sontag was purposely connected to the septic system under an oral agreement between Defendant's father and sister. Clearly, their intention was that the properties at 611 Sontag and 613 Sontag would share the septic system. Moreover, the system has been shared without incident from approximately 1985 until 1997 when Plaintiffs purchased 613 Sontag. Because Defendant's offer of proof only provides vague allusions to facts, and information harmful to her own case, Defendant suffered no prejudice due to its exclusion.

Moreover, the remainder of Defendant's offer of proof is irrelevant to the issues in the case. Defendant offered the testimony of John Cooney as an expert in drain cleaning to testify that he had cleaned out the shared septic system three times in the past year and once prior to that in the past four years. In addition, Mr. Anders further testified how septic systems work and the problems that would occur if more than one household used this type of system and how to correct those problems. Defendant, herself, testified that she knew how septic systems function and that certain products can damage a septic system. She stated her belief that sewage backs up into her home due to Plaintiffs misuse of the septic system. Defendant also testified that Plaintiffs piled dirt on their side of the fence-line, causing water running off the hill behind Defendant's home to pool around her foundation. Consequently, Defendant's home sustained water damage.

This testimony does not refute Defendant's admissions that she committed a trespass on Plaintiffs' property and that Plaintiffs had an ownership interest in the

septic system. Rather, through this evidence, Defendant attempted to show that Plaintiffs were responsible for the problems with the septic system and to prove that her house was damaged without first demonstrating that Plaintiffs were responsible for the damage. The exclusion of the offer of proof did not materially affect the merits of the action and Defendant suffered no prejudice due to its rejection. Rule 84.13(b). Point denied.

 In her second point, Defendant argues that the trial court abused its discretion when it heard Plaintiffs' motion for contempt because although the trial court had rendered judgment, it was not yet final. Defendant's third point alleges the trial court abused its discretion in failing to set out findings of fact on which the court based its order of contempt. We consider Defendant's second and third points together because both pertain to the civil contempt order.

Although the parties do not raise the question of appealability, we first determine whether the trial court's order is an appealable judgment. *Clark v. Myers*, 945 S.W.2d 702 (Mo.App. E.D.1997). For an appeal to lie, there must be a final judgment or order. Section 512.020 RSMo. (1994). A civil contempt order is not final until it is enforced. *Clark*, 945 S.W.2d at 702.

A civil contemnor has two options when confronted with a civil contempt order: (1) Defendant could purge herself of the contempt by complying with the court's order, making the case moot and unappealable; *Id.* or (2) Defendant may appeal the order, but she must wait until the court's order is enforced by incarceration or otherwise. *See Creamer v. Banholzer*, 694 S.W.2d 497, 499 (Mo.App. E.D. 1985). Here, the record does not show that Defendant either complied with the

order or that enforcement has been sought. Accordingly, the order of the trial court is interlocutory and not appealable. The appeal of the contempt order is dismissed without prejudice as premature.

The judgment for damages and injunctive relief is affirmed, and the appeal of the contempt order is dismissed.

SIMON and SULLIVAN, JJ., concur.