**Richard T. ARNOLD, Appellant,**

v.

**Resa K. ARNOLD, Respondent.**

**No. ED 82161.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 28, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2003.

Richard T. Arnold, New Haven, pro se.

Richard Dempsey, Jr., St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

According to his notice of appeal, Richard Arnold is appealing from a decision of the Franklin County Circuit Court "on October 31, 2002 to issue an Order to Show Cause and setting of hearing date of November 27, 2002 . . . ." However, a judgment dated October 31, 2002 is not attached to his notice of appeal. Instead, he only attaches a memorandum dated November 27, 2002, wherein the trial court sets a hearing date of December 17, 2002 on the respondent Resa K. Arnold's motion for contempt. This memorandum also orders the appellant to show cause why he should not be held in contempt for his "wilful and contumacious failure and refusal to pay child support." We dismiss for lack of a final, appealable judgment.

We must first determine *sua sponte* whether the trial court's order is appealable. *Clark v. Myers*, 945 S.W.2d 702, 703 (Mo.App. E.D.1997). For an appeal to lie, there must be a final judgment or order. Section 512.020, RSMo 2000. If the trial court's judgment is not final, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 454 (Mo. banc 1994).

There is no final, appealable judgment. First, the November 27, 2002 order, which he appears to be appealing, is not denominated a judgment as required by Rule 74.01(a). Moreover, that order does not finally resolve a claim. For a judgment to be appealable, it must finally dispose of at least one claim on the merits and cannot be a ruling on a miscellaneous issue that fails to resolve even one claim. *See, Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Furthermore, even if the court had found the appellant in contempt, a civil contempt order is not final until it is

enforced by actual incarceration or otherwise. *Whitworth v. Jones*, 41 S.W.3d 625, 629 (Mo.App. E.D.2001).

We directed the appellant to show cause why we should not dismiss this appeal for lack of a final, appealable judgment. He has filed a response to our show-cause order, but it does not mention the November 27th order, let alone explain why it might be an appealable judgment. Further, he does not assert that the trial court has issued an enforced civil contempt order. Instead, he discusses a motion for contempt he filed against the respondent in December of 1998 and an order issued in July 2002 granting his attorney leave to withdraw. However, he does not contend that either of these documents constitutes a final judgment. Further, he admits that he previously appealed the July 2002 order and that this Court dismissed that appeal.

We dismiss the appeal for lack of a final, appealable judgment.

. LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.