Lorne Lei **WRAY,** Plaintiff/Appellant,

v.

Karen **ADAMS, et al.,**
**Defendants/Respondents.**

No. ED 82320.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 4, 2003.

Application for Transfer to Supreme
Court Denied April 10, 2003.

Lorne Lei Wray, St. Louis, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The appellant, a resident at Southeast Missouri Mental Health Center, filed a claim for damages against the defendants. Simultaneously, he filed a motion to proceed *in forma pauperis.* The trial court denied the motion to proceed *in forma pauperis* and appellant appeals. We dismiss for lack of a final, appealable judgment.

We must first determine *sua sponte* whether the trial court's order is appeal-

able. *Clark v. Myers*, 945 S.W.2d 702, 703 (Mo.App. E.D.1997). Generally, for an appeal to lie, there must be a final judgment in the case. Section 512.020, RSMo 2000. If the trial court's judgment is not final, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 454 (Mo. banc 1994). For a judgment to be final and appealable, it must be one that finally disposes of at least one claim on the merits and not a ruling on miscellaneous issues that does not resolve at least one claim. *See, Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Here, the trial court's order denying the appellant's motion to proceed *in forma pauperis* does not resolve one claim in the underlying suit or even constitute a judgment. As such, it is not a final, appealable judgment.

We directed the appellant to show cause why we should not dismiss this appeal for lack of a final, appealable judgment. The appellant did file a response to our show-cause order, but it does not explain why his motion to proceed *in forma pauperis* constitutes an appealable judgment. Instead, he presents several arguments why the trial court should have granted his motion or why he is entitled to damages in the underlying suit. He also contends that if his appeal is dismissed, he has no legal remedy to review the denial of his motion or ultimately his underlying suit. The appellant's review, if any, may be by way of extraordinary writ. *See, State ex rel. Coats v. Lewis*, 689 S.W.2d 800 (Mo.App. W.D.1985).

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.