**Mavis TROUTMAN, Plaintiff/Appellant,**

v.

**James. TROUTMAN,
Defendant/Respondent.**

**No. ED 81912.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 18, 2003.

David J. Barton, Arnold, MO, for appellant.

Kevin C. Roberts, Hillsboro, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

On September 19, 2002, the trial court entered an order finding the appellant Mavis Troutman in civil contempt for acts including failure to pay mortgages and/or utilities upon the marital real estate. The court sentenced her to jail, but suspended execution of sentence and granted her an opportunity to purge herself of contempt by taking various actions, including paying the respondent the sum of $15,000. She appeals.

This Court has a duty to *sua sponte* determine whether the trial court's order is an appealable judgment. *Whitworth v. Jones,* 41 S.W.3d 625, 629 (Mo.App. E.D. 2001). For an appeal to lie, there must be a final judgment or order. Section 512.020 RSMo 2000. A civil contempt order is not final until it is enforced. *Whitworth,* 41 S.W.3d at 629; *See also, Clark v. Myers,* 945 S.W.2d 702, 703 (Mo.App. E.D.1997). When confronted with a civil contempt order, the appellant could either (1) purge herself of the contempt by complying with the court's order, making the case moot and unappealable; or (2) appeal the order, but only after the court's order is enforced by actual incarceration pursuant to a warrant of commitment. *Smith v. Smith,* 676 S.W.2d 65, 66 (Mo.App. E.D.1984).

Here, the record does not show that the appellant either complied with the order or that she has actually been incarcerated. We issued an order directing the appellant to show cause why the appeal should not be dismissed. The appellant has failed to file a response. The record indicates the order of the trial court is interlocutory and not appealable.

We dismiss the appeal without prejudice as premature.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.