Deborah CASTILLO and Robert Castillo, Plaintiffs/Appellants,

v.

Arthur EL AMIN d/b/a Development Investments, Inc., et al., Defendants/Respondents.

No. ED 82425.

Missouri Court of Appeals, Eastern District, Division Five.

May 20, 2003.

Herman L. Jimerson, St. Louis, MO, for appellants.

Anthony D. Gray, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The appellants, Deborah and Robert Castillo, appeal from an order denying their motion to disqualify the respondents' counsel, Anthony Gray. Because there is no final, appealable judgment, we dismiss the appeal.

The appellants filed a petition for damages against the respondents alleging breach of contract, fraud, and breach of express warranty, arising out of the construction of a new home. The appellants filed a motion to disqualify respondents' counsel Gray, alleging there was a conflict of interest pursuant to Rule 4–1.7 and 4–1.11 because of Gray's association with an attorney who previously worked with the appellants' counsel. After a hearing on the motion, the trial court denied the motion, finding no basis to disqualify him. Although the entire case remains pending

in the trial court, the appellant filed a notice of appeal from this order.

We must first determine *sua sponte* whether the trial court's order is appealable. *Clark v. Myers,* 945 S.W.2d 702, 703 (Mo.App. E.D.1997). Generally, for an appeal to lie, there must be a final judgment in the case. Section 512.020, RSMo 2000. If the trial court's judgment is not final, this Court lacks jurisdiction and the appeal must be dismissed. *Committee for Educ. Equality v. State,* 878 S.W.2d 446, 454 (Mo. banc 1994).

There is no final, appealable judgment. First, the order denying the motion to disqualify is not denominated a judgment as required by Rule 74.01(a). Moreover, that order does not finally resolve even one claim in the case. For a judgment to be appealable, it must finally dispose of at least one claim on the merits and cannot be a ruling on a miscellaneous issue that fails to resolve even one claim. *See, Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). The order in question does not resolve even one claim and is not appealable.

We directed the appellant to show cause why we should not dismiss this appeal for lack of a final, appealable judgment. He has filed a response to our show-cause order, but it fails to offer any reasons why the order might be a final, appealable judgment. Instead, he discusses the merits of his motion to disqualify. We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, and ROBERT G. DOWD, JR., JJ., concur.