**Sarah Kim MARGOLIS, Appellant,**

v.

**Thomas H. STEINBERG, Respondent.**

**No. ED 88896.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 16, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 19, 2007.

Application for Transfer Denied
Jan. 22, 2008.

Susan Hais, Elliott Goldberger, Clayton, MO, for appellant.

Michael A. Gross, Joseph Yeckel, St. Louis, Catherine W. Keefe, Clayton, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

Appellant Kim Margolis ("Margolis") appeals from the Judgment of the Circuit Court of the City of St. Louis, the Honorable Michael Mullen presiding, after the Court granted Respondent Thomas Steinberg's ("Steinberg") Motion to Modify. The court found that there had been a substantial and continuing change in circumstances such that 1) Steinberg was awarded joint physical custody of the minor children; 2) Margolis and Steinberg were awarded joint legal custody of the minor children; 3) Steinberg was to pay Margolis $779.00 per month in child sup-

port; and 4) each party was to pay their own attorney's fees. We affirm in part and reverse in part.

### Factual and Procedural Background

Thomas Steinberg and Sarah Kim Margolis were divorced on 12 March 2002. The dissolution decree awarded the parties joint legal custody and Margolis was awarded "primary physical custody of the minor and unemancipated children," and Steinberg was awarded "temporary physical custody and visitation" pursuant to the Guardian Ad Litem's proposed parenting plan. The decree ordered Steinberg to pay $1,500 a month in child support. On 7 August 2003, Steinberg filed a motion to modify the dissolution decree. Margolis filed a cross-motion to modify on 5 November 2003. Steinberg filed an amended motion to modify on 13 January 2004, alleging substantial and continuing changes in circumstances.

On 27 June 2006, the court found that there had been a substantial and continuing change in circumstances such that 1) Steinberg was awarded joint physical custody of the minor children; 2) Margolis and Steinberg were awarded joint legal custody of the minor children; 3) Steinberg was to pay Margolis $779.00 per month in child support; and 4) each party was to pay their own attorney's fees. Margolis appeals the trial court's judgment to this Court, raising essentially five points on appeal.

### Discussion

■ Under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) . . . the decree or judgment of the trial court will be sustained by this Court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong. *Id.* This Court views the evidence and its inferences in the light most favorable to the judgment, and defers to the trial court's assessment of the credibility of witnesses. *Dunkle v. Dunkle*, 158 S.W.3d 823, 832–833 (Mo.App. E.D.2005). This Court presumes that the trial court awarded custody in accordance with the child's best interests after reviewing all of the evidence and will reverse only if it is firmly convinced that the welfare and best interest of the child require otherwise. *Id.* The trial court has substantial discretion in admitting evidence, and its evidentiary rulings will not be disturbed absent an abuse of discretion. *Romeo v. Jones*, 144 S.W.3d 324, 332 (Mo.App. E.D.2004). This Court "give[s] substantial deference to the trial court's decision to admit or exclude evidence because of its superior opportunity to evaluate the proffered evidence in the context of the trial." *Id.* The trial court's ruling is presumed correct, and the appellant bears the burden of showing abuse of discretion and prejudice. *Id.* Even if the trial court erroneously excluded evidence, this Court will not reverse the judgment unless it concludes the error "was prejudicial and not harmless and that the error materially affected the merits of the action." *Id.*

### Significant Change

■ First, Margolis argues that the court committed plain error regarding the legal and physical modifications because Steinberg failed to sufficiently allege that a substantial change of circumstances had occurred.

■ Under RSMo. 452.410 in order for a court to modify an existing custody de-

cree, it must find that on the basis of facts that have arisen since the prior decree, or that were unknown at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian. Under *Heslop v. Sanderson*, 123 S.W.3d 214 (Mo.App. W.D.2003), the change in circumstances must be significant, not slight. Margolis argues that Steinberg, in his motion, failed to allege significant changes in circumstances.

According to Margolis, the only allegations of a change in circumstances was that the minor children are now older, would benefit from additional time with their father and that Daniel had requested to spend more time with his father. Missouri courts have held that an increase in age since the original custody determination is not, in and of itself, a sufficient basis for finding a change in circumstances upon which to base a change of custody. *In re the Marriage of Eikermann*, 48 S.W.3d 605 (Mo.App.S.D.2001). Margolis claims that Steinberg is trying to relitigate issues that were already decided at the trial level, namely physical custody, education and religion. According to Margolis, Steinberg cannot do this because he has not shown a significant change in circumstances under RSMo. 452.410.

We disagree. While we acknowledge the holding in *In re the Marriage of Eikermann*, we note that it does not control under these facts. According to *Hollins v. Hollins*, a breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances. *Hollins v. Hollins*, 13 S.W.3d 669, 672 (Mo.App. E.D. 2000). The court found that "phone calls from Father are often abruptly ended by Mother when she has reached a level of discomfort talking to Father, or his calls are simply not answered or returned. E-mails from Father to Mother have routinely been discouraged by Mother as she feels it is a form of harassment. Father attempts to communicate more with Mother, and Mother rejects those attempts more often than she accepts them."

Additional factors a trial court may consider in determining whether or not there has been a change in circumstances are the children's wishes and increased age. *Morrison v. Morrison*, 676 S.W.2d 279, 281 (Mo.App.E.D.1979). The court found that "credible evidence adduced from Danny evidences his desire to spend more time with his Father. He admits to having a difficult relationship with his Mother, and he believes time away from her home will aid in the growth of their relationship." The court also found that "credible evidence adduced from Rebecca supports Dr. Rosen and the Guardian's assertions that she is a 'pleaser' and wishes to make both of her parents happy. It is believed that no matter what the custody schedule is, she will go along with it to make her parents happy. Her testimony evidences structure and routine in both parent's' homes, and she is able to identify what she likes about both parents' homes." The court further found that "credible evidence was adduced from Deborah that she wishes to spend an extra day with her Father, as she wants to participate in additional activities with his support." Based on these findings the court held that "the children have requested to spend additional time with Father, the children are older and are increasingly able to vocalize their desires regarding their custody schedule."

We find that there was sufficient evidence upon which the court could find a significant change in circumstances such to modify the dissolution judgment.

### Trial Transcript

Next, Margolis argues that the court committed plain error regarding the legal

and physical modifications because the court failed to admit the trial transcript, which would have shown that the issues presented to the modification court were the identical issues that were presented to the dissolution court, and thus no substantial change of circumstances had occurred.

Margolis argues that she attempted to introduce the trial transcript in effort to show the court that the same issues that were decided at the dissolution trial were being relitigated at the modification trial, in efforts to show that no substantial change of circumstances had occurred. According to Margolis, the trial transcript was not admitted into evidence.

 We disagree. Upon review of the record, it appears the trial transcript was entered into evidence. During her offer of proof Margolis' attorney marked the trial transcript as Exhibit 49 (Tr. 365). Subsequently, the court admitted Margolis' exhibits 1–50 into evidence. (Tr. 618–619). Thus, Margolis' claim that the court erred in excluding the transcript appears to have no merit. It is well-settled that the trial court is presumed to have "reviewed all the evidence and awarded custody in view of the children's best interest." *Malawey v. Malawey*, 137 S.W.3d 518, 522 (Mo.App. E.D.2004). Further, this Court proceeds on the assumption that the trial court studied all of the evidence thoroughly and decreed custody in the manner it believed would be in the best interests of the child. *McBride v. McBride*, 579 S.W.2d 388, 390 (Mo.App. E.D.1979).

### Stipulation and Parenting Plan

 Margolis argues that the Stipulation entered into by the parties and incorporated by the court into its judgment directly conflicts with the Parenting Plan adopted by the court in the judgment.

 We disagree. Our record indicates that the Stipulation was executed on 7 November 2005 and would expire after eighteen months unless the parties agreed to its renewal. The record on appeal contains no documentation which indicates that the parties renewed the Stipulation. Accordingly, the Stipulation has expired and the terms of the parenting plan control. Therefore, no internal conflict exists and Margolis' argument appears to be moot. Appellate courts generally do not consider issues that are moot. *Bratton v. Mitchell*, 979 S.W.2d 232, 236 (Mo.App. W.D.1998). "Mootness indicates that a controversy existed, which was properly before the court for resolution, but was extinguished by the occurrence of some event, rendering the controversy academic." *Id.* at 235. As Margolis' argument appears moot, we do not take it under consideration.

### Child Support Award

 This Court will affirm the decision of the trial court regarding child support unless the decision is not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Scott v. Scott*, 157 S.W.3d 332, 335 (Mo.App.E.D.2005). The appellate court will not substitute its judgment for the trial court absent manifest abuse of discretion and reviews the evidence and credibility of the witnesses in the light most favorable to the decision. *Id.*

Margolis claims that the trial court erred in reducing the amount of child support from $1,500 per month to $779 per month in that the court failed to consider dividend and interest income Steinberg was earning from trusts and investments accounts, and that the Form 14 attached to the judgment indicated an amount of $1,112 per month.

We agree with Margolis regarding the discrepancy between the amount of the award in the judgment and the award in the Form 14. The trial court ordered a modification of child support from $1,500 per month to $779 per month although it attached to its judgment a Form 14 with a presumed amount of $1,112 per month. A trial court that deviates from the presumptive amount of child support without making a mandatory finding that such amount would be unjust or inappropriate commits error that requires reversal and remand. *Short v. Short*, 947 S.W.2d 67 (Mo.App. S.D.1997). If the trial court does not make a finding that application of Form 14 is unjust and or inappropriate, it must award child support consistent with the calculation. *Tuning v. Tuning*, 841 S.W.2d 264 (Mo.App. S.D. 1992).

The record before us does not reveal that the trial judge made a finding that the presumptive amount of child support was unjust or inappropriate. Without further evidence or explanation, this Court cannot accurately determine what amount of child support was intended in the judgment. Accordingly, we remand this issue to the trial court with instructions to either find that the presumptive amount in the Form 14 unjust or inappropriate or make an award with an amount that complies with the attached Form 14.

### Attorney's Fees

The trial court "has broad discretion in awarding or denying attorney fees." *Jezewak v. Jezewak*, 3 S.W.3d 860, 865 (Mo.App. E.D.1999). The court of appeals reviews the trial court's ruling denying attorney fees for an abuse of discretion. *Id.*

Citing to section 452.355.1 RSMo., Margolis argues that because Steinberg has brought a motion without merit, has greater ability to pay fees, and has income significantly higher than her, she is entitled to attorney fees.

We disagree. The trial judge's decision to not award attorney's fees was supported by all the relevant factors in this case. Margolis has not established that the court acted so arbitrarily or unreasonably to constitute an abuse of its discretion.

### Motions

Parties filed numerous motions that this Court took on appeal, specifically Appellant's Motion to Strike Respondent's Brief, Respondent's Suggestion of Mootness and Appellant's Motion to Dismiss Respondent's Suggestion of Mootness. All motions of the parties are denied.

### *Conclusion*

In sum, we find no error in the lower court's decision regarding significant change, the trial transcript, the Stipulation and attorney's fees. Regarding the issue of child support award, we reverse and remand.

AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.