272 S.W.3d 396 (2008)
In re SEARCH WARRANT FOR 415 LOCUST STREET, CHILLICOTHE, MISSOURI.
Patrice Robertson, Eddie Robertson, Robertson Land Corporation, Robertson Motor Company and Contact America, Inc., Appellants,
v.
State of Missouri, Respondent.
No. WD 69242.
Missouri Court of Appeals, Western District.
November 12, 2008.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 23, 2008.
Application for Transfer Denied January 27, 2009.
*397 James R. Wyrsch, Charles M. Rogers, Kansas City, MO, for Appellants.
David P. Macoubrie, Chillicothe, MO, for Appellants, Eddie Robertson, Robertson Land Corp., Robertson Motor Co., & Contact America, Inc.
Kevin M. Zoellner, Jefferson City, MO, for Respondent.
Before RONALD R. HOLLIGER, P.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.
JAMES EDWARD WELSH, Judge.
After law enforcement officers seized business records and computer evidence while executing a search warrant on the premises of their three businesses, Patrice and Eddie Robertson filed a motion to quash the search warrant and for return of the seized property. The circuit court denied their motion. The Robertsons appeal. Because the circuit court's order denying the Robertsons' motion was not a final, appealable judgment, we dismiss the appeal for lack of jurisdiction.
On March 7, 2007, law enforcement officers executed a warrant authorizing them to search the premises of Robertson Land Corporation, Robertson Motor Company, and Contact America, Inc., and to seize certain business records and computer evidence. At the time, the Missouri State Highway Patrol, the Nebraska State Patrol, and the FBI were investigating allegations *398 that the businesses' owners, the Robertsons, had been purchasing and exporting by fraudulent means numerous vehicles in violation of federal and state laws. The officers executing the warrant seized several boxes of documents and some electronically-stored documents.
Approximately two weeks later, the Robertsons filed a motion to quash the search warrant and for return of the seized property. The circuit court held a hearing on the Robertsons' motion. Following the hearing, the court entered an order finding that the search warrant was valid and properly executed. The court denied the Robertsons' motion. The Robertsons appeal.
While the Robertsons' appeal was pending, the State filed a motion to dismiss for lack of jurisdiction. The State contended that the circuit court's order denying the Robertsons' motion was not a final judgment and, therefore, was not appealable. We have a duty to determine whether the circuit court's order constitutes an appealable judgment. Troutman v. Troutman, 100 S.W.3d 156 (Mo.App.2003). The appealability of the circuit court's order hinges upon the nature of the Robertsons' motion.
The Robertsons' motion was captioned, "Motion, with Incorporated Suggestions in Support, to Quash Search Warrant, for Return of Seized Property, and for Other Related Relief." We judge a pleading by its subject matter and not its caption. Worley v. Worley, 19 S.W.3d 127, 129 (Mo.banc 2000). In their motion, the Robertsons contended that the application and the search warrant were overly broad; the application contained false, inaccurate, and misleading assertions; the application was based on a pretextual warrantless inspection of the premises; and the application did not demonstrate probable cause for issuing the warrant. The Robertsons also asserted that the officers illegally executed the warrant in violation of the Fourth Amendment to the United States Constitution. In their prayer for relief, the Robertsons asked that the court declare the search unlawful, quash the search warrant, and command the return of all seized property to them.
The Robertsons' motion challenged the legality of the search and seizure. The mechanism for challenging an unlawful search and seizure is a motion to suppress. § 542.296, RSMo 2000. Section 542.296.1 provides that "[a] person aggrieved by an unlawful seizure made by an officer and against whom there is a pending criminal proceeding growing out of the subject matter of the seizure may file a motion to suppress the use in evidence of the property or matter seized." A motion to suppress may be based upon one or more of these grounds:
(1) That the search and seizure were made without warrant and without lawful authority;
(2) That the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause;
(3) That the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same;
(4) That the warrant was illegally executed by the officer;
(5) That in any other manner the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States.
§ 542.296.5. The Robertsons' motion was based upon several of these grounds.
If the circuit court sustains the motion to suppress, "the judge shall order *399 the property or matter delivered to the moving party," unless its retention is authorized or required by law. § 542.296.7. If the court denies the motion to suppress, this ruling is interlocutory and is subject to change when the evidence is offered at trial. State v. Howell, 524 S.W.2d 11, 19 (Mo.banc 1975). The moving party has no right to an immediate appeal from the denial of a motion to suppress. State v. Herrington, 890 S.W.2d 5, 7 n. 1 (Mo.App. 1994).
The Robertsons acknowledge that section 542.296 provides for challenging the lawfulness of a search and seizure through a motion to suppress. They argue that their motion was not a motion to suppress pursuant to this statute but was, instead, an appealable civil motion to quash the search warrant and for return of property under the authority of In re 1969 Plymouth Roadrunner, 455 S.W.2d 466 (Mo.1970).
After officers seized items from his car, the movant in Plymouth Roadrunner filed a motion to quash the search warrant, to suppress as evidence property obtained pursuant to the warrant, and for return of property seized pursuant to the warrant. Id. at 467. The circuit court overruled the motion, and the movant appealed. The supreme court reversed the circuit court's decision. Id. at 472. The court found that the warrant was defective and remanded the case to the circuit court to sustain the motion to quash the warrant, to suppress as evidence the property seized, and to return the seized property to the movant. Id.
The concurring opinion in Plymouth Roadrunner noted that, after the movant filed his motion, all of the criminal charges against him except for one were dismissed. Id. at 473 (Houser, C., concurring). The seized items were not germane to the remaining criminal charge; so the motion to suppress was moot by the time of the hearing on the motion. Id. Nevertheless, the concurring opinion remarked that the circuit court "properly retained jurisdiction of the motion for the purpose of passing upon [movant]'s prayer for the return of his property." Id.
The Robertsons contend that their situation is analogous to that in Plymouth Roadrunner. They argue that, like the movant in Plymouth Roadrunner, they have no criminal charges relating to the seized property pending against them, but law enforcement continues to retain the property seized pursuant to an allegedly unlawful warrant. Because the supreme court heard and decided the motion to quash the search warrant and for return of seized property on its merits in the appeal of Plymouth Roadrunner, the Robertsons assert that they are entitled to an immediate appeal of the court's ruling on their motion to quash the search warrant and for return of seized property.
When the supreme court decided Plymouth Roadrunner, however, section 542.296 had not been enacted. The motion in Plymouth Roadrunner was filed and ruled upon pursuant to a rule that has since been repealed. The movant in Plymouth Roadrunner filed his motion pursuant to former Rule 33.03 (1968), which was, at the time, the mechanism for challenging an unlawful search and seizure. Like section 542.296, Rule 33.03(a) allowed a person who was aggrieved by an unlawful search and seizure and against whom there was a pending criminal proceeding to file a motion to suppress. Rule 33.03(b), however, also allowed the person from whom the property was taken to file a motion for return of seized property, whether or not a criminal proceeding was pending:

*400 If the property alleged to have been unlawfully seized is not of such a nature that its possession would constitute a criminal offense under the laws of this State, then such motion may pray for and the court, if the motion be sustained, may order the return of such property to the person from whom it was taken. In such case the motion may be filed with the court in which a criminal proceeding against the person from whom such property was taken is pending or if there be no such proceeding pending, the motion may be filed with the judge or magistrate issuing the warrant under which the search was made.
When the supreme court repealed Rule 33.03 and declared, in Rule 34.01, that Chapter 542, RSMo, governed procedure in searches and seizures, no provision comparable to Rule 33.03(b) was enacted. While section 542.296.7 provides for the return of seized property to the movant, it is only upon the court's sustaining the motion to suppress. Section 542.296 contains no mechanism for challenging the lawfulness of a search and seizure and requesting the return of seized property outside of filing a motion to suppress in the pending criminal proceeding.[1] Unlike former Rule 33.03(b), the present statutory scheme for challenging an unlawful search and seizure does not provide for a separate civil motion to quash the search warrant.
Nevertheless, the Robertsons contend that their motion cannot be deemed a motion to suppress in a pending criminal proceeding because no criminal charges have been filed against them. Section 542.296.1 does not limit the definition of "pending criminal proceeding" to cases in which charges have been filed. Section 542.296.1 says, "For purposes of this section, a pending criminal proceeding shall mean any criminal investigation being conducted with the intention of using the seized subject matter in seeking an indictment or information or when an information has been issued or an indictment returned."[2] Thus, a "pending criminal proceeding" includes the investigation of a crime before the filing of any charges. In the affidavit in support of the application for search warrant, the affiant stated that the Robertsons were the subject of an ongoing fraud investigation and that he believed the items sought from the businesses' premises would provide evidence of federal and state crimes. There was a "pending criminal proceeding," as that term is used in section 542.296.1, against the Robertsons.
The Robertsons' motion challenged the lawfulness of a search and seizure in a pending criminal proceeding growing out of the subject matter of the seizure. The statutory mechanism for making such a challenge is a motion to suppress.[3] We deem the Robertsons' motion to be a motion to suppress. Thus, the circuit court's denial of the Robertsons' motion was interlocutory and not final for purposes of appeal. We dismiss the appeal for lack of *401 jurisdiction.[4]
All concur.
NOTES
[1] Missouri's forfeiture statute, section 542.301.2, RSMo Cum.Supp.2007, permits a person to file a civil motion asking the court to declare the property not subject to forfeiture and for return of the seized property. Even if the court finds that the movant is entitled to possession of the seized property, however, the court can postpone delivery of the property if it is "required as evidence in a criminal proceeding." § 542.301.1(c).
[2] We added the emphasis.
[3] Indeed, the circuit court conducted the hearing on the motion as a hearing on a motion to suppress. The court and the parties agreed that the State would bear the burden of going forward with the evidence, consistent with section 542.296.6.
[4] During oral arguments, the Robertsons' attorney expressed concern that dismissing their motion for lack of jurisdiction would allow the State to keep the seized property indefinitely, as the State had not yet filed any criminal charges against the Robertsons. The reasonableness of the length of time the State retained the Robertsons' property without filing criminal charges was neither raised nor decided in the circuit court, and we express no opinion on it here. We note, however, that the Robertsons are not without options. Pursuant to section 542.296.5(5), one of the grounds upon which a motion to suppress may be based is that "the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States."